IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL TUCKER-SMART | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BUCKS COUNTY, PENNSYLVANIA, et al. | : | NO. 2:15-cv-0210 |
| | : | |

MEMORANDUM ORDER

AND NOW, this 28th day of August 2015, upon consideration of Defendant Bucks County's Motion to Dismiss (Doc. No. 13), Defendants Bensalem Police Department, Bensalem Police Officers Gansky, Tobie, Bugsch, Smith, and CSOs Pittine and Baran's ("the Police Defendants") Motion to Dismiss (Doc. No. 14), and Plaintiff Michael Tucker-Smart's Permissive Counterclaim Opposing Defendant's Motion to Dismiss (Doc. No. 16), which we construe as his response, it is hereby ORDERED that Defendant Bucks County's Motion to Dismiss is GRANTED and the Police Defendants' Motion to Dismiss is GRANTED.

I.     Background

This case arises from the arrest of Plaintiff Michael Tucker-Smart. Plaintiff was driving in Bensalem, Pennsylvania on May 16, 2013, when a Bensalem Police Department patrol car initiated its siren and pulled Plaintiff over. (Compl. 1.) According to Plaintiff, Officer Tobie informed him that he was stopped for a traffic violation. (Compl. 2.) While Plaintiff waited for Tobie to run Plaintiff's license, Officers Ganski, Bugsch, and Smith arrived. (Id.) Ganski ordered Plaintiff to get out of his vehicle and then placed Plaintiff in handcuffs and escorted him to the sidewalk. (Id.) The officers then searched Plaintiff's vehicle, first with a drug-sniffing dog and then by hand. (Id.) Plaintiff alleges that the officers then arrested him, although "[t]heir search did not produce anything illegal." (Compl. 2–3.)

The officers took Plaintiff to the station, where he "was strip-searched" by Defendants Pittine and Baran. (Id. at 3.) The search revealed oxycodone tablets in Plaintiff's possession. (Id.) According to Plaintiff, he was charged with possession with intent to deliver a controlled substance based on his possession of the oxycodone tablets. (Id.)

Materials submitted by the Police Defendants provide further context for the events giving rise to this case.[1] According to the Affidavit of Probable Cause submitted in the Criminal Complaint against Plaintiff, a confidential informant ("CI") informed Corporal Mike Brady that the CI had communicated with an individual known as "Al Po" regarding the sale of heroin and oxycodone. (See Police Defs.' Ex. A ("Criminal Case File.") 18, Doc. No. 14-4.) The CI arranged to purchase heroin and oxycodone from the target, who would be driving a burgundy truck, near a Wawa located at 2250 Lincoln Highway, Trevose, PA. (Id.) At the arranged time, the CI advised Corporal Brady that he had received a call from the target, who had arrived at the arrange location. (Id.) The police stopped Plaintiff driving a burgundy Chevrolet Tahoe at the location. (Id.) They detained Plaintiff and his passenger "due to an application of a search warrant on the vehicle" and because Plaintiff provided inconsistent names and no driver's license. (Id.) At the station, "CSO Pettine [sic] located 2 bags of [P]ercocet 30 mg pills hidden in the driver's underwear." (Id.)

The Bucks County District Attorney charged Plaintiff with possession with intent to deliver oxycodone, possession with intent to use drug paraphernalia, use of a communication facility to facilitate a crime, and false report to a law enforcement officer. (See Criminal Case File 4.) Plaintiff pled guilty to the possession charge before Judge Wallace Bateman in the Bucks

---

[1] We may consider these submissions in evaluating the Motions to Dismiss because they are matters of public record. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. October 17, 2014); Basile v. Twp. of Smith, 752 F. Supp. 2d 643, 650 (W.D. Pa. 2010).

County Court of Common Pleas, and the other charges were nolle prossed. (See Police Defs.' Ex. C ("Plea Tr.") 15–17, Doc. No. 14-6.) Plaintiff was represented by Sara M. Webster. (Id. at 1.)

In the case before us, Plaintiff alleges that the Police Defendants violated several of his constitutional rights during the events described above. He claims that his Fourth Amendment rights were violated as the Police Defendants searched and seized his vehicle and person "without the commission of any crime being present, or any suspicion of a crime being committed." (Compl. 3.) Second, he claims that his Fifth Amendment due process rights were violated. (Id.) Third, he alleges that the Police Defendants violated his rights under the Sixth Amendment because he "was never informed of the nature and cause of any accusation, besides the pretense of a traffic violation." (Id. at 4.) He further claims that his arrest and search was cruel and unusual punishment in violation of the Eighth Amendment. (Id.) Finally, he alleges that the Police Defendants violated his Fourteenth Amendment rights when they "enforced laws which abridged [his] privileges and immunities" and deprived him of due process and equal protection. (Compl. 4.) As explained below, we construe Plaintiff's Complaint to state three claims: false arrest and imprisonment, violation of his Fourth Amendment protection from unreasonable searches and seizures, and failure of notice under the Sixth Amendment.

Defendant Bucks County filed a Motion to Dismiss (Bucks Cnty. Mot., Doc. No. 13), as did Defendants Bensalem Police Department, Bensalem Police Officers Gansky, Tobie, Bugsch, and Smith and CSOs Pittine and Baran, collectively "the Police Defendants" (Police Defs.' Mot., Doc. No. 14). Plaintiff filed a document entitled "Permissive Counterclaim Opposing Defendant's Motion to Dismiss" (Pl.'s Resp., Doc. No. 16), which we now construe as his Response. We twice ordered Plaintiff to respond directly to the Motions to Dismiss. (See Order

of April 29, 2015, Doc. No. 17; Order of June 22, 2015, Doc. No. 19.) As Plaintiff has not filed a further response within the time allotted, we now consider the Motions to Dismiss as they are ripe for our review.

    II.    Legal Standard

A district court should grant a 12(b)(6) motion to dismiss "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that 'the allegations in a complaint, however true, could not raise a claim of entitlement to relief.'" Mariotti v. Mariotti Bldg. Prods., Inc., 714 F.3d 761, 764–65 (3d Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007)). The plaintiff must plead "sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 570). A court evaluating a motion under Rule 12(b)(6) will disregard "rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012). Further, pro se pleadings, such as Plaintiff's, are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011).

    III.    Defendant Bucks County

Defendant Bucks County seeks dismissal of the Complaint on the basis that Plaintiff fails to make any allegations against Bucks County. (See Bucks Cnty. Mem. 4–5.) Bucks County further argues that punitive damages may not be awarded against the County as a municipal defendant. (Id. at 5.) Indeed, Plaintiff has not alleged any facts whatsoever that would support a claim against Bucks County. The Complaint refers to the County only twice—and in each

instance, these references relate to the location of events and people, not to any actions by the County. (See Compl. 1, 3.) Thus, we grant Bucks County's Motion and dismiss Bucks County as a defendant in this case.[2]

    IV.    The Police Defendants

We first consider the nature of the actions of which Plaintiff complains, in attempt to discern what rights he alleges were violated. We construe Plaintiff's Complaint to allege three core claims: false arrest and imprisonment in violation of the Fourth Amendment, infringement of his Fourth Amendment right to be free from unreasonable searches, and a violation of his Sixth Amendment right to be informed of the nature and cause of the accusation against him.[3] As best as the Court understands, all of the other rights that Plaintiff alleges were violated are best construed as restating these three core claims.[4]

---

[2] Plaintiff has not responded to Bucks County's Motion, and his filing of April 20, 2015 was addressed only to the Police Defendants' Motion. As such, we alternatively grant Bucks County's Motion to Dismiss as unopposed, pursuant to Local Rule 7.1.

[3] We interpret Plaintiff's claims as arising under 28 U.S.C. § 1983, as that statute "provides a cause of action against state actors who violate an individual's rights under federal law." Filarsky v. Delia, 132 S. Ct. 1657, 1660 (2012).

[4] Specifically, Plaintiff's allegation that his Fifth Amendment due process rights were violated relate to his arrest and the searches of his vehicle and person. (See Compl. 3 ("My Fifth Amendment rights, as afforded by the U.S. Constitution, were violated as I was deprived of life, limb, or property without due process of law when I was stopped for a traffic violation and I was arrested.").) Plaintiff concedes that this claim is improper as his suit is against state actors, whose actions are not limited by the Fifth Amendment. (See Pl.'s Resp. 1; Citizens for Health v. Leavitt, 428 F.3d 167, 178 n.11 (3d Cir. 2005) ("In a due process claim brought under the Fifth Amendment, the 'State' in the state action analysis is the federal government.").)

    Plaintiff's Eighth Amendment allegation states that he "was treated cruel and unusual by being placed under arrest during a minor traffic violation; had [his] vehicle searched; and then taken to the Ben Salem [sic] Police Department where [he] was strip-searched." (See Compl. 4.) This allegation similarly resembles claims for false arrest and unreasonable search. Since the Eighth Amendment prohibition on cruel and unusual punishment "was designed to protect those convicted of crimes," see Ingraham v. Wright, 430 U.S. 651, 664 (1977), Plaintiff's allegations related to the occasion of his arrest would not otherwise be cognizable as a § 1983 claim related to the Eighth Amendment.

    Finally, Plaintiff alleges that these same actions violated his Fourteenth Amendment rights. (See Compl. 4.) As he makes no further allegations specific to his Fourteenth Amendment

5

instance, these references relate to the location of events and people, not to any actions by the County. (See Compl. 1, 3.) Thus, we grant Bucks County's Motion and dismiss Bucks County as a defendant in this case.[2]

    IV.    The Police Defendants

We first consider the nature of the actions of which Plaintiff complains, in attempt to discern what rights he alleges were violated. We construe Plaintiff's Complaint to allege three core claims: false arrest and imprisonment in violation of the Fourth Amendment, infringement of his Fourth Amendment right to be free from unreasonable searches, and a violation of his Sixth Amendment right to be informed of the nature and cause of the accusation against him.[3] As best as the Court understands, all of the other rights that Plaintiff alleges were violated are best construed as restating these three core claims.[4]

---

[2] Plaintiff has not responded to Bucks County's Motion, and his filing of April 20, 2015 was addressed only to the Police Defendants' Motion. As such, we alternatively grant Bucks County's Motion to Dismiss as unopposed, pursuant to Local Rule 7.1.

[3] We interpret Plaintiff's claims as arising under 28 U.S.C. § 1983, as that statute "provides a cause of action against state actors who violate an individual's rights under federal law." Filarsky v. Delia, 132 S. Ct. 1657, 1660 (2012).

[4] Specifically, Plaintiff's allegation that his Fifth Amendment due process rights were violated relate to his arrest and the searches of his vehicle and person. (See Compl. 3 ("My Fifth Amendment rights, as afforded by the U.S. Constitution, were violated as I was deprived of life, limb, or property without due process of law when I was stopped for a traffic violation and I was arrested.").) Plaintiff concedes that this claim is improper as his suit is against state actors, whose actions are not limited by the Fifth Amendment. (See Pl.'s Resp. 1; Citizens for Health v. Leavitt, 428 F.3d 167, 178 n.11 (3d Cir. 2005) ("In a due process claim brought under the Fifth Amendment, the 'State' in the state action analysis is the federal government.").)

    Plaintiff's Eighth Amendment allegation states that he "was treated cruel and unusual by being placed under arrest during a minor traffic violation; had [his] vehicle searched; and then taken to the Ben Salem [sic] Police Department where [he] was strip-searched." (See Compl. 4.) This allegation similarly resembles claims for false arrest and unreasonable search. Since the Eighth Amendment prohibition on cruel and unusual punishment "was designed to protect those convicted of crimes," see Ingraham v. Wright, 430 U.S. 651, 664 (1977), Plaintiff's allegations related to the occasion of his arrest would not otherwise be cognizable as a § 1983 claim related to the Eighth Amendment.

    Finally, Plaintiff alleges that these same actions violated his Fourteenth Amendment rights. (See Compl. 4.) As he makes no further allegations specific to his Fourteenth Amendment

A. The Heck Doctrine

The Police Defendants move to dismiss the Complaint as barred by the doctrine established by the Supreme Court in Heck v. Humphrey, 512 U.S. 477, (1994). (See Police Defs.' Mem. 8.) In Heck, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486–87 (footnote omitted). We "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence;" the case can proceed only if a favorable judgment would not. Id. at 487.

On two of Plaintiff's claims, success in the instant suit would not imply that his conviction was invalid. First, Plaintiff's false arrest claim is not barred by the Heck doctrine. A false arrest claim terminates when the victim is held pursuant to legal process, and, as such, it does not generally impugn any resulting conviction or confinement. See Wallace v. Kato, 549 U.S. 384, 389–90 (2007); Williams v. Trenton Police Dep't, 591 F. App'x 56, 58 (3d Cir. 2015) (noting that "the Heck rule does not apply to false arrest claims") (citing Wallace, 549 U.S. at 394–95). Second, the success of Plaintiff's unlawful search and seizure claims would not imply that his conviction was invalid. The Third Circuit has favorably cited the Second Circuit for the principle that unlawful search claims that state an injury based on privacy, not improperly obtained evidence, can proceed without implicating the Heck doctrine. See Hector v. Watt, 235 F.3d 154, 157 (3d Cir. 2000), as amended (Jan. 26, 2001) ("Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where

---

rights, we interpret this claim to again restate his claims against the Police Defendants for false arrest and unreasonable search.

6

appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution.") (quoting Townes v. City of New York, 176 F.3d 138, 148 (2d Cir. 1999)). As such, Plaintiff's Fourth Amendment false arrest and unreasonable search claims are not barred by Heck.

However, Plaintiff's Sixth Amendment claim asserting that he was not informed of the nature and cause of the accusations against him would undermine his conviction and thus cannot proceed. A defendant's Sixth Amendment rights attach when "a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law," in other words, at the point of "[t]he initiation of judicial criminal proceedings." Kirby v. Illinois, 406 U.S. 682, 689 (1972). To the extent that Plaintiff alleges that he was not sufficiently informed of the nature and cause of the accusations against him at this point, his claim is barred by Heck because his guilty plea and conviction has not been reversed, expunged, or otherwise invalidated. See Younger v. City of New York, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007). Thus, Plaintiff's Sixth Amendment claim is dismissed.[5]

    B.  Plaintiff's False Arrest Claim

Turning to the substance of Plaintiff's claims against the Police Defendants, we first consider whether Plaintiff has sufficiently stated a claim for false arrest, as suggested by his claims alleging violations of various constitutional rights centered on the propriety of his arrest. The Police Defendants argue that his allegations are insufficient to state a claim because his guilty plea establishes that probable cause existed for his arrest, extinguishing any claim for false

---

[5] In the alternative, we dismiss Plaintiff's Sixth Amendment claim as insufficiently pled. Plaintiff simply states that his notice rights were violated; he does not allege any specific inadequacy of the Criminal Complaint which set forth the factual information supporting Plaintiff's arrest. Such conclusory allegations are not sufficient to state a claim. See James, 700 F.3d at 679.

7

arrest. (Police Defs.' Mem. 11–12.) Plaintiff responds only by reasserting his allegation that he was stopped and arrested on the basis of a spurious traffic violation. (Pl.'s Resp. 1.)

The Fourth Amendment "allow[s] arrest based on probable cause to believe a law has been broken in the presence of the arresting officer." Virginia v. Moore, 553 U.S. 164, 175, 128 S. Ct. 1598, 1606, 170 L. Ed. 2d 559 (2008). Thus, a false arrest claim cannot be based on an arrest for which the police had probable cause. Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); see White v. Brown, 408 F. App'x 595, 598 (3d Cir. 2010). On the other hand, "[a] police officer may be liable for civil damages for an arrest if no reasonable competent officer would conclude that probable cause exists." Wilson v. Russo, 212 F.3d 781, 789–90 (3d Cir. 2000) (citation omitted). See also Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988) ("The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense."). An absence of probable cause for arrest may also support a claim for false imprisonment, Groman, 47 F.3d at 636, potentially suggested by Plaintiff's allegations.

Many courts have recognized "the general rule that a guilty plea or conviction in the criminal proceeding conclusively establishes the existence of probable cause to arrest . . . in a subsequent suit for false arrest," depending on the particular facts of a case. See Basile v. Twp. of Smith, 752 F. Supp. 2d 643, 651–55 (W.D. Pa. 2010) (collecting cases). Broadly speaking, courts decline to apply this rule when factual circumstances suggest that the conviction was obtained by fraud, false statements, or corruption. See id. at 655–57; Mosley v. Wilson, 102 F.3d 85, 93 (3d Cir. 1996) (concluding, in a civil suit for malicious prosecution after a conviction was

overturned, that "'undue influence' [between a prosecution witness and the jury] . . . negates the finding of probable cause that stems from the initial conviction").

Here, Plaintiff has not alleged any factual irregularities that would undermine the conclusive effect of his guilty plea as establishing the existence of probable cause for his arrest. He asserts in his Response that "police dash-cameras would show that Defendant's [sic] stopped the Plaintiff's vehicle for a traffic violation" (Pl.'s Resp. 1), but he fails to dispute—or even address—the documentation submitted by the Police Defendants that he was stopped, searched, and arrested based on information provided by a confidential informant and corroborated by the officers on-scene. Plaintiff arrived at the arranged location at the arranged time, in a vehicle matching the description provided. When questioned by officers, Plaintiff failed to identify himself consistently. Plaintiff has failed to "allege *facts* to show (or at least suggest) that the basis provided by the arresting officers' for [Plaintiff's] arrest is disputed or did not exist." Basile, 752 F. Supp. 2d at 658. Given these circumstances, Plaintiff's guilty plea establishes probable cause for his arrest, and, as such, Plaintiff has failed to state a claim for false arrest in violation of his Fourth Amendment rights.

    C.  Plaintiff's Unlawful Search Claims

The next central claim in Plaintiff's Complaint is his charge that the searches that the Police Defendants effected first of Plaintiff's vehicle in the Wawa parking lot and then of his person at the station violated his Fourth Amendment rights. The Police Defendants argue in their section on qualified immunity that "the officers' decision to detain, search and arrest Plaintiff was clearly within well-defined constitutional parameters." (Police Defs.' Mem. 17.) Plaintiff responds simply that he was searched and arrested "without any proof or evidence that a crime was being committed, or was committed." (Pl.'s Resp. 1.) While the Police Defendants could

have addressed the sufficiency of Plaintiff's allegations more directly, we agree that Plaintiff has failed to state a claim based on his Fourth Amendment right to be free from unreasonable searches because he has not sufficiently alleged facts that would lead to the conclusion that the searches were unlawful.

Because the Fourth Amendment guarantees "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures," U.S. Const. amend. IV, "government officials are limited to only those searches which are reasonable." Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington, 621 F.3d 296, 301 (3d Cir. 2010) aff'd, 132 S. Ct. 1510 (2012). "Reasonableness under the Fourth Amendment is a flexible standard" that "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." Id. (citations omitted). In order to state a claim based on an allegedly unreasonable search, "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury." Heck, 512 U.S. at 487 n. 7 (1994).

We first consider whether Plaintiff has alleged an unlawful search at the Wawa parking lot. "To find probable cause to search, there needs to be a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Burton, 288 F.3d 91, 103 (3d Cir. 2002) (citation omitted).  When the Police Defendants stopped Plaintiff in his vehicle, they acted on information received from their confidential informant. Plaintiff's burgundy Tahoe matched the description and was at the location provided by the CI, who had arranged a drug purchase with the target. In addition, while the officers observed Plaintiff talking on the phone, the CI advised the officers that the target had informed the CI via phone that the target had arrived at the arranged location. These circumstances established probable cause for the Police Defendants to search Plaintiff and his vehicle on the evidence that Plaintiff was the

target identified by the CI and would have the drugs as promised.[6] Cf. United States v. Thompson, 545 F. App'x 167, 170 (3d Cir. 2013) (concluding that an informant's tip describing the vehicle and providing real-time updates, which was corroborated by police surveillance, provided probable cause); United States v. Bush, 647 F.2d 357, 363 (3d Cir. 1981) (noting that "[i]ndependent police corroboration reinforces the informant's veracity" even absent identification or further information about the informant (citation omitted)). As the initial search was supported by probable cause, Plaintiff has failed to allege a constitutional violation on that basis.

In addition, Plaintiff has failed to allege that the Police Defendants' "strip search" of Plaintiff at the station was unreasonable. Although "detainees maintain some Fourth Amendment rights against searches of their person upon entry to a detention facility," policies that "require the arrestees to undress completely and submit to a visual observation of their naked bodies" upon processing into a correctional institution are not unreasonable under the Fourth Amendment. Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington, 621 F.3d 296, 307–11 (3d Cir. 2010) aff'd, 132 S. Ct. 1510, 182 L. Ed. 2d 566 (2012). Plaintiff merely alleges that he was "strip-searched"; he does not allege that his was anything other than a search pursuant to such a blanket search policy or that it was uniquely invasive in any way. Absent allegations that Plaintiff was unreasonably targeted or that the correctional officers performed the search in an unreasonable manner, Plaintiff has failed to state a claim based on the search to which he was subjected at the station.

---

[6] In addition, the officers reported smelling the odor of burnt marijuana coming from the vehicle, which separately justified the search. See United States v. Ramos, 443 F.3d 304, 308 (3d Cir. 2006) ("It is well settled that the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause.")

11

The Police Defendants further argue that Plaintiff's Fourth Amendment claims are barred by qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Messerschmidt v. Millender, 132 S. Ct. 1235, 1244, 182 L. Ed. 2d 47 (2012) (citation omitted). However, "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier v. Katz, 533 U.S. 194, 201 (2001). As we have concluded that the Police Defendants did not unreasonably search Plaintiff and thus did not violate his constitutional rights, we do not further consider the Police Defendants' qualified immunity argument. Plaintiff's privacy claims are dismissed because he has not sufficiently alleged that the searches were unreasonable.

## Conclusion

For the forgoing reasons, it is hereby ORDERED that Defendant Bucks County's Motion to Dismiss and the Police Defendants' Motion to Dismiss are GRANTED. Plaintiff may file an Amended Complaint no later than September 14, 2015.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.